UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
JONATHAN FLORES COYOTECATL, RAUL
DIEGO FLORES RAMIREZ, SERGIO
HERNANDEZ-ROJAS, SALVADOR
RAMIREZ CALDERON, MIGUEL ANGEL
FLORES-JUAREZ EMILIO HERNANDEX ROJAS,
MARGARITO RAMOS, COYFER GALINDA MEZA,
ANTONIO GARCIA-MORAN, MANUEL
CALEL TOC, ROLANDO TECUM, JOSE PEREZ,
LASARO BALAM GUARCAS, ALEJANDRO SOLIS,
SERGIO SANTANA MEZA, PASCUAL GARCIA CRUZ,
DANIEL TOBIAS RAMIRO GUTIERREZ,
DORA MARIA GOMEZ-MERLIN, and MARIA DEL
CARMEN HERNANDEZ,

                        Plaintiffs,

         -against-

GRAND RESTAURANT GROUP, INC.,
IMPERIAL CROWN CORP.,
D/B/A GRAND RESTAURANT, DAVID CHUNG,
and CONNIE ZHANG,

                        Defendants.
---------------------------------------------------------------------X

**ANSWER**

CV-14-4799 (KAM) (CLP)

Defendants, Imperial Crown Corp, and Connie Zhang ("Answering Defendants"), by their attorneys Wu & Kao, PLLC, as and for their Answer with Affirmative Defenses, allege as follows:

## I. ANSWER

1. Paragraph 1 of the Complaint is a narrative for which no answer is required.

### AS AND TO PRELIMINARY STATEMENT

2. The paragraphs of the Complaint designated "2", "3", "4", "5", "6","7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18" and "19" contain statements respecting the intentions and objectives of the Complaint, internal definitions, arguments, conclusions of law,

1

conclusions with respect to legal documents and statutory provisions, and/or prayers for relief, all as to which no answer is required. To the extent the paragraphs of the Complaint "2", "3", "4", "5", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18" and "19" contain any factual allegations, Defendants deny each and every factual allegation contained therein.

## AS AND TO THE JURISDICTION AND VENUE

3. The paragraphs of the Complaint designated "20", "21", "22", "23", "24", "25", "26", "27", "28" contain statements respecting the intentions and objectives of the Complaint, internal definitions, arguments, conclusions of law, conclusions with respect to legal documents and statutory provisions, and/or prayers for relief, all as to which no answer is required. To the extent the paragraphs of the Complaint designated "20", "21", "22", "23", "24", "25", "26", "27", "28" contain any factual allegations, defendants deny each and every factual allegation contained in the paragraphs of the Complaint designated "20", "21", "22", "23", "24", "25", "26", "27", "28".

## AS AND TO THE PARTIES

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the Complaint designated "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47" and respectfully refer all questions of law to the Court and all questions of fact to the trier thereof and further respectfully refer plaintiffs to the employment records of defendants, Grand Restaurant Group, Inc. held by the Department of Labor.

5. Admit the allegations of the paragraphs of the Complaint designated "48" and "49".

6. The paragraphs of the Complaint designated "50", "51", "52", "53", "54", "55" and "56" contain statements respecting the intentions and objectives of the Complaint, internal

definitions, arguments, conclusions of law, conclusions with respect to legal documents and statutory provisions, and/or prayers for relief, all as to which no answer is required. To the extent the paragraphs of the Complaint designated "50", "51", "52", "53", "54", "55" and "56" contain any factual allegations, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated "50", "51", "52", "53", "54", "55" and "56".

7. The paragraphs of the Complaint designated "57", "58", "59", "60", "61", "62" "63" and "64" contain statements respecting the intentions and objectives of the Complaint, internal definitions, arguments, conclusions of law, conclusions with respect to legal documents and statutory provisions, and/or prayers for relief, all as to which no answer is required. To the extent the paragraphs of the Complaint designated designated "57", "58", "59", "60", "61", "62" "63" and "64" contains any factual allegations, defendants deny knowledge or information sufficient to form a belief designated "57", "58", "59", "60", "61", "62" "63" and "64".

8. Admit the allegations of the paragraph of the Complaint designated "65" and "66".

9. The paragraphs of the Complaint designated "67", "68", "69", "70", "71", "72" and "73" contain statements respecting the intentions and objectives of the Complaint, internal definitions, arguments, conclusions of law, conclusions with respect to legal documents and statutory provisions, and/or prayers for relief, all as to which no answer is required. To the extent the paragraphs of the Complaint designated designated "67", "68", "69", "70", "71", "72" and "73" contain any factual allegations, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the Complaint designated "67", "68", "69", "70", "71", "72" and "73".

10. The paragraphs of the Complaint designated "74", "75", "76", "77", "78", "79"and "80" contain statements respecting the intentions and objectives of the Complaint, internal definitions, arguments, conclusions of law, conclusions with respect to legal documents and statutory provisions, and/or prayers for relief, all as to which no answer is required. To the extent the paragraphs of the Complaint designated "74", "75", "76", "77", "78", "79" and "80" contain any factual allegations, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the Complaint designed "74", "75", "76", "77", "78", "79" and "80" .

11. The paragraphs of the Complaint designated "81", "82", "83", "84", "85", "86" "87"and "88" contain statements respecting the intentions and objectives of the Complaint, internal definitions, arguments, conclusions of law, conclusions with respect to legal documents and statutory provisions, and/or prayers for relief, all as to which no answer is required; to the extent the paragraphs of the Complaint designated "81", "82", "83", "84", "85", "86" "87"and "88" contain factual allegations, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the Complaint designated "81", "82", "83", "84", "85", "86" "87"and "88" and respectfully refer all questions of law to the Court and all questions of fact to the trier thereof and further respectfully refer plaintiffs to the employment records of defendant Grand Restaurant Group, Inc. held by the Department of Labor.

12. The paragraphs of the Complaint designated "89" and "90" contain statements respecting the intentions and objectives of the Complaint, internal definitions, arguments, conclusions of law, conclusions with respect to legal documents and statutory provisions, and/or prayers for relief, all as to which no answer is required; to the extent the paragraphs of the

Complaint designated "89"and "90"contain factual allegations, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the Complaint designated "89"and "90".

## AS AND TO THE STATEMENT OF FACTS

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the Complaint designated "91" and "92" and respectfully refer all questions of law to the Court and all questions of fact to the trier thereof and further respectfully refer plaintiffs to the employment records of defendant Grand Restaurant Group, Inc. held by the Department of Labor.

14. Deny allegation contained in the paragraph "93" of the Complaint.

15. The paragraphs of the Complaint designated "94" through and including "237" contain statements respecting the intentions and objectives of the Complaint, internal definitions, arguments, conclusions of law, conclusions with respect to legal documents and statutory provisions, and/or prayers for relief, all as to which no answer is required. To the extent the paragraphs of the Complaint designated "94" through and including "237" contain any factual allegations, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the Complaint designated "94" through and including "237".

## AS AND TO THE FIRST CAUSES OF ACTION

### Overtime Wages Under the Fair Labor Standards Act

16. Repeat and reallege their answers with respect to the paragraphs incorporated by reference in paragraph designated "238" of the Complaint.

17. The paragraphs of the Complaint designated "238", "239", "240", "241", "242", "242" "243", "244", "245", "246", "247" and "248" contain statements respecting the intentions and objectives of the Complaint, internal definitions, arguments, conclusions of law, conclusions with respect to legal documents and statutory provisions, and/or prayers for relief, all as to which no answer is required; to the extent the paragraph of the Complaint designated "239" contains any factual allegations, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated "239"; to the extent the paragraphs of the Complaint designated "240", "241", "242", "243" and "244" contain any factual allegations, defendants deny each and every factual allegation contained in the paragraphs of the Complaint designated "240", "241", "242", "243" and "244".

## AS AND TO THE SECOND CAUSES OF ACTION

18. Repeat and reallege their answers with respect to the paragraphs incorporated by reference in paragraph designated "245" of the Complaint.

19. The paragraphs of the Complaint designated "246","247" and"248" contain statements respecting the intentions and objectives of the Complaint, internal definitions, arguments, conclusions of law, conclusions with respect to legal documents and statutory provisions, and/or prayers for relief, all as to which no answer is required; to the extent the paragraphs of the Complaint designated "246","247" and "248" contain any factual allegations, defendants deny each and every factual allegation.

## AS AND TO THE THIRD CAUSES OF ACTION

### Overtime Wages Under New York Labor Law

20. Repeat and reallege their answers with respect to the paragraphs incorporated by reference in paragraph designated "249" of the Complaint.

21. The paragraphs of the Complaint designated "250", "251", "252", "253", "254", "255", "256","257" and "258" contain statements respecting the intentions and objectives of the Complaint, internal definitions, arguments, conclusions of law, conclusions with respect to legal documents and statutory provisions, and/or prayers for relief, all as to which no answer is required; to the extent the paragraphs of the Complaint designated "250", "251", "252", "253", "254", "255", "256","257" and "258"" contain any factual allegations, defendants deny each and every factual allegation.

## AS AND TO THE FOURTH CAUSES OF ACTION

### Minimum Wages Due Under the Fair Labor Standards Act

22. Repeats and realleges its answers with respect to the paragraphs incorporated by reference in paragraph designated "259" of the Complaint.

23. The paragraphs of the Complaint designated "260", "261", "262", "263", "264", "265" and "266" contain statements respecting the intentions and objectives of the Complaint, internal definitions, arguments, conclusions of law, conclusions with respect to legal documents and statutory provisions, and/or prayers for relief, all as to which no answer is required; to the extent the paragraphs of the Complaint designated designated "260", "261", "262", "263", "264", "265" and "266" contain factual allegations, defendants deny knowledge or information sufficient

to form a belief as to the truth of the allegations contained in the paragraphs of the Complaint designated "260", "261", "262", "263", "264", "265" and "266".

## AS AND TO THE FIFTH CAUSES OF ACTION

### Spread of Hours Payments Under New York Labor Law

24. Repeat and reallege their answers with respect to the paragraphs incorporated by reference in paragraph designated "267" of the Complaint.

25. The paragraphs of the Complaint designated "268" and "269" contain statements respecting the intentions and objectives of the Complaint, internal definitions, arguments, conclusions of law, conclusions with respect to legal documents and statutory provisions, and/or prayers for relief, all as to which no answer is required; to the extent the paragraphs of the Complaint designated "268" and "269", contain any factual allegations, defendants deny each and every factual allegation contained in the paragraphs of the Complaint designated "268" and "269".

## AS TO THE SIXTH CAUSE OF ACTION
### Title VII-Race/Color and National Origin Discrimination

26. Repeat and reallege their answers with respect to the paragraphs incorporated by reference in paragraph designated "270" of the Complaint.

27. The paragraphs of the Complaint designated "271", "272", "273", "274", "275", "276", "277", "278" and "279" contain statements respecting the intentions and objectives of the Complaint, internal definitions, arguments, conclusions of law, conclusions with respect to legal documents and statutory provisions, and/or prayers for relief, all as to which no answer is required;

to the extent the paragraphs of the Complaint designated "271", "272", "273", "274", "275", "276", "277", "278" and "279", contain any factual allegations, defendants deny each and every factual allegation contained in the paragraphs of the Complaint designated "271", "272", "273", "274", "275", "276", "277", "278" and "279".

## AS TO THE SEVENTH CAUSE OF ACTION

**NYSHRL--Race/Color and National Origin Discrimination**

28. Repeat and reallege their answers with respect to the paragraphs incorporated by reference in paragraph designated "280" of the Complaint.

29. The paragraphs of the Complaint designated "281", "282", "283", "284", "285", "286", "287" and "288" contain statements respecting the intentions and objectives of the Complaint, internal definitions, arguments, conclusions of law, conclusions with respect to legal documents and statutory provisions, and/or prayers for relief, all as to which no answer is required; to the extent the paragraphs of the Complaint designated "281", "282", "283", "284", "285", "286", "287" and "288", contain any factual allegations, defendants deny each and every factual allegation contained in the paragraphs of the Complaint designated "281", "282", "283", "284", "285", "286", "287" and "288".

## AS TO THE EIGHTH CAUSE OF ACTION

**NYCHRL--Race/Color and National Origin Discrimination**

30. Repeat and reallege their answers with respect to the paragraphs incorporated by reference in paragraph designated "289" of the Complaint.

31. The paragraphs of the Complaint designated "289", "290", "291", "292", "293", "294", "295", "296" and "297" contain statements respecting the intentions and objectives of the

Complaint, internal definitions, arguments, conclusions of law, conclusions with respect to legal documents and statutory provisions, and/or prayers for relief, all as to which no answer is required; to the extent the paragraphs of the Complaint designated "289", "290", "291", "292", "293", "294", "295", "296" and "297" contain any factual allegations, defendants deny each and every factual allegation contained in the paragraphs of the Complaint designated "289", "290", "291", "292", "293", "294", "295", "296" and "297".

### AS AND TO PLAINTIFFS' PRAYER FOR RELIEF

32. Defendants hereby deny any allegations not specifically admitted herein including, but not limited to, those allegations set forth in Plaintiffs' Prayer for Relief.

## II. AFFIRMATIVE DEFENSES

### As And for a First Affirmative Defense

33. Plaintiffs' Amended Complaint fails to state a claim against Defendants, in whole or part, upon which relief can be granted.

### As And for a Second Affirmative Defense

34. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### As And for a Third Affirmative Defense

35. Plaintiff's claims are barred, in whole or in part, by a lack of personal jurisdiction over the Answering Defendants.

### As And for a Fourth Affirmative Defense

36.     Plaintiffs' claims are barred, in whole or in part, because Defendants acted in good faith and did not violate any rights that may be secured to Plaintiffs under any Federal, State or local laws, rules or regulations.

### As And for a Fifth Affirmative Defense

37.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled, in whole or in part, to the damages sought in their Complaint.

### As And for a Sixth Affirmative Defense

38.     Plaintiffs' claims are barred as they have been fully compensated for all wages due and owing from Defendants.

### As and for a Seventh Affirmative Defense

39.     Defendants at all times acted in good faith towards the Plaintiffs with reasonable belief that their actions complied with state and federal laws, and at no time willfully violated any of the laws pursuant to which the Plaintiffs bring the instant action, therefore barring any claim for attorneys fees or liquidated damages under state and federal wage and hour laws.

### As And for a Eighth Affirmative Defense

40.     Plaintiffs' claims for compensation, in whole or in part, are for non-working time.

### As And for an Ninth Affirmative Defense

41.  Some or all of the Defendants were not employers pursuant to the state and federal laws upon which the Plaintiffs base their claims, and, thus, cannot be held liable.

### As And for a Tenth Affirmative Defense

42.  One or more of Plaintiffs' claims are pre-empted by Federal law.

### As And for a Eleventh Affirmative Defense

43.  Plaintiffs, in whole or in part, have released certain claims made herein.

### As And for a Twelfth Affirmative Defense

44.  One or more of Plaintiffs' claims are exempt from the application of the FLSA for failing to allege secondary employment in the complaint.

### As And for a Thirteenth Affirmative Defense

45.  At all times relevant hereto, Defendant Connie Zhang is and was a shareholder in Defendants Grand Restaurant Group, Inc. and Imperial Crown Corp.

46.  To the extent that Plaintiffs are seeking to recover alleged unpaid minimum and overtime wages and spread of wages from Defendant Connie Zhang, Plaintiffs have failed to comply with the predicate statutory procedures set forth in New York Business Corporations Law § 630 and are, thus, precluded from recovering such alleged damages from Defendant Connie Zhang.

**WHEREFORE**, the Answering Defendants request that the Plaintiffs' Complaint be dismissed and that the Answering Defendants be reimbursed their costs and attorneys' fees

expended in the defense of this matter, as well as such other and further relief as this Court deems just and proper.

Dated: New York, New York
       October 2, 2014

                              Respectfully submitted,

By: *[signature]*

Richard H. Byrnes (RB8866)
WU& KAO, PLLC
Attorneys for Defendants
Imperial Crown Corp, and
Connie Zhang
747 Third Avenue, 22nd Floor
New York, New York 10017
Tel: (212) 755-8880
Fax: (212) 755-8890
Richard.Byrnes@wuandkao.com

13